**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-5413-JFW(ASx)** | Date: August 16, 2024 |

Title:     Marine Martirosyan -v- BMW Financial Services NA, LLC, et al.

---

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                       **None Present**
   **Courtroom Deputy**                                     **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                     None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF MARINE MARTIROSYAN'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [filed 7/29/2024; Docket No. 21]**

On July 29, 2024, Plaintiff Marine Martirosyan ("Plaintiff") filed a Motion to Remand to the Superior Court of California ("Motion to Remand"). On August 5, 2024, Defendant BMW Financial Services NA, LLC ("BMW FS") filed its Opposition. On August 12, 2024, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 26, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that, on November 15, 2019, she entered into a Lease Agreement with McKenna Motors Torrance, Inc. for a 2020 BMW 330i NA ("the Subject Vehicle"). The Lease was assigned to BMW FS which administered and serviced the Lease after the assignment. On or about January 23, 2022, the Subject Vehicle was involved in an accident and American Family Connect Property and Casualty Insurance Company ("American Family"), Plaintiff's insurance carrier, declared the Subject Vehicle to be a total loss. American Family subsequently determined that the total loss amount was $41,957.97, which was $13,687.98 more than the Adjusted Lease Balance due under the Lease Agreement. Plaintiff alleges that BMW FS fraudulently collected the full total loss amount from American Family, and that, instead Plaintiff was entitled to recover the "equity" (i.e., the difference between the total loss amount and the Adjusted Lease Balance) under the terms of the Lease Agreement.

On May 2, 2024, Plaintiff filed a Complaint against BMW FS and McKenna Motors Torrance,

Inc. in Los Angeles County Superior Court, alleging the following claims for relief: (1) fraud and deceit; (2) breach of implied covenant of good faith and fair dealing; (3) violation of California Business & Professions Code § 17200, *et seq.*; (4) violation of California Business & Professions Code § 17500, *et seq.*; and (5) violation of California Consumer Legal Remedies Act.  In the Prayer for Relief, Plaintiffs expressly requested, *inter alia*, $174,473.71 in damages, attorneys' fees, and punitive damages.  On May 30, 2024, Plaintiffs voluntarily dismissed McKenna Motors Torrance, Inc., a California corporation, from the action.  On June 26, 2024, BMW FS filed a Notice of Removal, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiff contends that she learned, after filing her original Complaint, that the facts did not support a fraud claim or her request for punitive damages, and that the "realistic amount of recovery in this action is $14,487.74" Motion at 6.  On July 26, 2024, after the action was removed, Plaintiff filed a request to dismiss without prejudice her cause of action for fraud and deceit and to strike her request for punitive damages from the Complaint. The Court granted that request on July 26, 2024.

Plaintiff now moves to remand, arguing that BMW FS has failed to meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**II.    LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**III.    DISCUSSION**

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332. It is undisputed that the parties are completely diverse.  Plaintiff argues that, despite her request in her original Complaint for over $75,000 in damages, BMW FS has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

"[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). The Ninth Circuit explained:

> When we say that the amount in controversy is assessed at the time of removal, we

> mean that we consider damages that are claimed at the time the case is removed by the defendant. So, for example, if a plaintiff files a complaint in state court and voluntarily dismisses a claim before removal, any relief that might have been awarded on the dismissed claim will not be included in the amount in controversy. Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.

*Id.* at 417.   Accordingly, because removal is determined based on the pleadings that existed at the time of removal, Plaintiff's post-removal amendments to the pleading are irrelevant.

Because Plaintiff's Complaint affirmatively alleged an amount in controversy greater than the federal jurisdictional threshold, the amount-in-controversy requirement was "presumptively satisfied" unless it appeared to a "legal certainty" that the plaintiff could not have actually recovered that amount.   *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .") (subject to exceptions not applicable here).

Because Plaintiff apparently demanded over $75,000 in damages in her original Complaint in good faith, the Court concludes that it has diversity jurisdiction and that BMW FS properly removed this action.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.